UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA R. JONES<br><br>   Debtor/Plaintiff<br><br>vs.<br><br>LAKESIDE-MILAM RECOVERY CENTERS, INC.; UBI No: 600487526<br><br>   Defendant | NO. 11-40749<br><br>**COMPLAINT FOR ADVERSARIAL PROCEEDING** |

**COMES NOW** the Plaintiff, Debtor, **JESSICA JONES**, by and through her Attorney, **DAVID C. HAMMERMASTER** and alleges as follows:

I.

That Plaintiff is a resident of Pierce County, Washington and subject to the jurisdiction of this Court.

II.

That Defendant, **LAKESIDE-MILAM RECOVERY CENTERS, INC.**, (hereafter referred to as **"MILAM"**) is licensed to conduct business in the State of Washington and is subject to the jurisdiction of this Court.

Complaint

Page 1 of 4

**III.**

On or about January 31, 2011, Plaintiff filed a Chapter 7 bankruptcy in the above-referenced cause number 11-40749. That 90 days preceding the date of filing bankruptcy is November 2, 2010.

**IV.**

That as part of the Petition for bankruptcy, Plaintiff provided proper creditor's notice to Defendant, **MILAM.**

**V.**

That Plaintiff, during all relevant times hereto, has been and continues to be an employee of Rainier School (hereafter referred to as **"EMPLOYER"**).

**VI.**

That Defendant had previously obtained a Court order and had issued a Writ of Garnishment for consumer debt owed by Plaintiff.

**VII.**

That Defendant's **EMPLOYER** pursuant and in answer to Writ of Garnishment paid $613.40 on or about February 11, 2011, to **MILAM** which was after **MILAM** received notice that Plaintiff had filed a Petition for Bankruptcy.

**VIII.**

At no time did Defendant seek to lift the Automatic Stay that stops all debt collections upon the filing of bankruptcy pursuant to 11 U.S.C, §362.

**VIX.**

That Defendant violated the automatic stay by attempting to collect a debt during said period.

**X.**

That the Defendant received additional notices in written form from Plaintiff's attorney demanding a return of funds garnished and to cease all further attempts to garnish additional funds which Defendant ignored and did not respond.

**XI.**

That Defendant, **MILAM,** has shown a complete disregard for federal bankruptcy law and has intentionally violated the automatic stay provisions thereof.

**XII.**

That the monies sought to be recovered by this action are exempt and have been claimed exempt by the Plaintiff herein.

**XIII.**

The funds sought to be recovered by this action are avoidable by the Trustee under 11 U.S.C. 547(b).

**XIV.**

The Trustee has not attempted to avoid this preferential transfer.

**XV.**

That the property sought to be recovered by this action was not voluntarily transferred by the Debtor.

Complaint

Page 3 of 4

### XVI.

The Debtor did not conceal the property prior to it's seizure by the Defendant herein.

### XVII.

The amount sought to be recovered by this action for each of the Defendant is more than $600.00, to-wit: $613.40 from **MILAM**.

### XVIII.

That, pursuant to 11 U.S.C. 547(b) and 11 U.S.C. 522(h), Plaintiff is entitled to reimbursement of all wages garnished as described herein.

### XVIIII.

That in consideration of Defendant's violation of the automatic stay, fees, penalties, and attorney's fees should be assessed and awarded as the Court deems appropriate.

**WHEREFORE**, having stated the aforementioned allegations, the Plaintiff hereby prays for the following relief:

1. Judgement against the Defendant, **MILAM,** in the amount of $613.40.

2. An award of fines, penalties and reasonable attorney's fees and costs.

**DATED** this 2 day of May, 2011.

HAMMERMASTER LAW OFFICES, PLLC

DAVID C. HAMMERMASTER
WSBA #22267
Attorney for Debtor/Plaintiff

Complaint

Page 4 of 4